United States District Court
Northern District of Alabama
Southern Division

FILED
AUG 2 1 2000
U.S. DISTRICT COURT
N.D. OF ALABAMA

Leon Thomas, Sr., individually and on behalf ]
of himself and a class described herein, ]
]
    Plaintiff(s), ]
]
vs. ] CV-00-N-1978-S
]
Premiere Chevrolet,d Inc. ]
]
    Defendant(s). ]

ENTERED
AUG 2 1 2000

## Memorandum of Decision

Plaintiff Leon Thomas, Sr. (the "plaintiff") purchased a 1997 Chevrolet Malibu Maxima automobile from defendant Premiere Chevrolet, Inc. ("Premiere") on or about February 12, 1997. He now brings this action against Premiere claiming certain violations of the Truth in Lending Act ("TILA"), 15 U.S.C.A. § 1601, *et seq.* The contract the parties signed for the sale and purchase of the automobile contained this language:

> K.    Purchaser acknowledges the vehicle has been traveling in interstate commerce and had an impact on interstate commerce. In the event of any dispute(s) under the terms of this contract or sale arise, (including but not limited to, the terms of agreement, the condition of the motor vehicle sold, the conformity of the motor vehicle sold to the contract, the representations, promises, undertakings or covenants made by Premiere Chevrolet, Inc. in connection with the sale of the motor vehicle, or otherwise dealing with the motor vehicle, any tersm of financing in connection therewith, or any terms of any credit life and/or disability insurance purchased simultaneous herewith, or extended service or maintenance agreement(s)), Premiere Chevrolet, Inc. and the purchaser(s) agree to submit such dispute(s) to binding arbitration, pursuant tot he provisions of 9 US.C. § 1, Et. Seq., and according to the commercial rules of the American Arbitration Association then existing, in Bessemer, Alabama.

    \*       \*       \*       \*

>           (C)     The cost of such third-party inspection shall be borne equally
>                   by Premiere Chevrolet, Inc. and the purchaser(s_, or as
>                   directed by any court or panel or arbitrators.

This language in contained a page containing the heading, **"READ CAREFULLY BEFORE SIGNING."** (Emphasis in original.) Premiere has moved the court to stay the action and to compel the plaintiffs to engage in the binding arbitration required of them in their contract. The motion will be granted.

The plaintiffs have been afforded an opportunity to respond to the motion and have done so. The court has examined the arguments of plaintiffs and, with one significant exception, find the arguments have either been decided adversely to the plaintiffs by controlling decisional precedent or are unpersuasive. The plaintiff argues that the arbitration agreement cannot be enforced for the reason that it imposes on him excessive costs, effectively denying him any opportunity to seek meaningful relief under TILA.

The Court of Appeals for the Eleventh Circuit has addressed the issue. In *Randolph v. Greene Tree Financial Corp.–Alabama*, 178 F.3d 1149 (1999), the court refused to enforce an arbitration agreement because

> it fails to provide the minimum guarantees required to ensure that Randolph's ability to vindicate her statutory rights will not be undone by steep filing fees, steep arbitrators' fees, or other high costs of arbitration. See *Paladino*, 134 F.3d at 1062 ("When an arbitration clause has provisions that defeat the remedial purpose of the statute, ... the arbitration clause is not enforceable." (citation omitted)).

*Id.*, at 1158. The arbitration clause at issue here makes no provision for the payment of fees and other costs of the arbitration proceeding except to provide for a division of the costs of inspecting the purchased vehicle in the event of a dispute over its condition. Under *Randolph*, the plaintiff cannot be required to submit to arbitration when "steep filing fees,

steep arbitrator's fees, or other high costs . . . defeat the remedial purpose of the statute, . . ."

In order to vindicate the strong federal policy favoring arbitration and yet afford the plaintiff a meaningful opportunity to pursue his TILA claims in the manner he agreed, the court will construe the contract provisions against its drafter, in this case Premiere, requiring arbitration only on the condition that the defendant pay all costs of arbitration over and above any amount the plaintiff has paid as a filing fee in this litigation. The action will be dismissed without prejudice to the right of any party to petition the court to reopen the action at the conclusion of arbitration in order to resolve any matters not finally settled by the arbitration.

An appropriate separate judgment in conformity with this opinion will be entered. Done, this 21st of August, 2000.

EDWIN NELSON
UNITED STATES DISTRICT JUDGE